AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
PAUL SPECTOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SPECTOR<br><br>Plaintiff,<br><br>v.<br><br>4975 VALLEY WEST, LLC dba TERRACE INN AND SUITES<br><br>Defendant. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff PAUL SPECTOR complains of Defendant 4975 VALLEY WEST, LLC dba TERRACE INN AND SUITES and alleges as follows:

1.      **INTRODUCTION:**  Contrary to State and federal access laws, Defendant forced disabled Plaintiff Spector, a veteran, to show a "registration card" or some other unidentified "paperwork" for his service dog Koko in order for him and his partner, Joan Burgess, to stay at its hotel. Because Plaintiff Spector did not have the "registration card" or paperwork that Defendant wanted, Defendant would not allow him to stay with his service dog at the Terrace Inn and Suites, operated by Defendant. Plaintiff was denied lodging by Defendant because of his disability.

2.      On December 28, 2023, Plaintiff and his partner needed a place to stay near their

1  home in the East Bay because the parking lot of their apartment complex was overfull.  There
2  were no parking places available to Plaintiff that were close to his apartment. As a physically
3  disabled person, he must be able to park close to the entrance of his apartment in order to ensure
4  easy access to his vehicle.  Plaintiff went to the Terrace Inn and Suites located at 10869 San Pable
5  Ave, El Cerrito, California 94530, to inquire about availability and Defendant's service dog
6  policy. Defendant's employee told Plaintiff that he would be required to show "papers" for his
7  service dog in order to stay at the hotel. Plaintiff does not have, nor is he required to have a
8  "paperwork" for his service dog.  Thus, Defendant denied Plaintiff lodging at its hotel because he
9  is disabled and needs the assistance of a service animal for certain tasks.  Plaintiff left to try to
10 find another accommodation which would not require "paperwork" for his service dog.

11         3.      Plaintiff often has the need to stay in hotels that are nearby his home because the
12 parking lot there is often overfull, or he cannot find a space near his home.  The Terrace Inn and
13 Suites is very conveniently located for Plaintiff.  He intends to return to the hotel in the future but
14 cannot do so until the policies of the hotel are made accessible to disabled individuals who use
15 service dogs, including revision of its service dog policies and necessary employee training
16 and/or re-training.  Plaintiff has brought this lawsuit to force Defendant to change its
17 discriminatory and illegal policies and compensate him for not allowing him to stay at the hotel.
18 Defendant did not allow him to stay because he is a disabled person who needs the assistance of
19 his qualified service dog.  To stay without his service dog would be unsafe because he requires
20 his dog for balance and to traverse stairs.  Plaintiff seeks an injunction to protect the rights of all
21 disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Terrace
22 Inn and Suites.

23         4.      Plaintiff is an advocate for himself and other persons with disabilities who use
24 service dogs. When encountering illegal policies such as those created and maintained by
25 Defendant, Plaintiff takes legal action to ensure what happened to him does not happen to others.
26 His goal is enforcing the ADA and to contest illegal policies and practices that burden service dog
27 users, including those that might not otherwise be litigated. This is especially important and in the
28 public interest where onerous and illegally discouraging requirements such as requiring

1  "paperwork" or "state licenses" for service dogs are easily repeated but may evade review
2  because not all disabled persons may assert their rights to stop such policies and practices.
3  Without a legal challenge, however, the practices are likely to continue because they benefit the
4  public accommodations that do not follow the law. For example, here, discouraging service dogs
5  benefits the hotel by reducing the costs of cleaning and housekeeping from any shedding that may
6  occur.

7      5.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC
8  sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law
9  pursuant to 28 U.S.C. § 1367.

10      6.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is
11  proper because the real property which is the subject of this action is located in this district and
12  that Plaintiff's causes of action arose in this district.

13      7.    **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict
14  because the real property which is the subject of this action is located in this intradistrict and
15  Plaintiff's causes of action arose in this intradistrict.

16      8.    **PARTIES:**  Plaintiff Paul Spector is a professional nurse and "qualified" disabled
17  person and veteran who uses the assistance of a service dog for mobility.  He is also a strong
18  proponent of the ADA and enforcing the laws regarding service dog access because he has
19  frequently been denied access to public places because of his service dog. Plaintiff was injured in
20  a very serious car accident in 2012 which left him with residual pain and weakness in his left
21  knee and arthritis, all of which cause him difficulty in walking, balancing, and standing for long
22  periods of time.  While he can walk independently, Plaintiff's knee can give out while he is
23  walking which could cause him to fall down.  Plaintiff relies upon his service dog, a Belgium
24  Shephard named "Kokobat," also called "Koko" for short, to assist him with certain tasks
25  including pulling him upstairs and hills while they are walking that reduce his chances of falling.
26  He also can assist Plaintiff with stabilizing his balance.  Koko has been trained to walk on
27  Plaintiff's left side, and when Claimant's knee begins to weaken, Koko leans his considerable
28  weight against Plaintiff and allows him to lean against Koko which provides Plaintiff with

1  necessary stability and support to take some pressure off of his weak left knee.  Additionally,
2  Koko is trained to assist Plaintiff in getting down to the floor and back up when he needs to
3  retrieve dropped objects.  Koko was professionally trained to be a service dog.  Additionally,
4  Plaintiff continues to reinforce the training with Koko daily.  Plaintiff is a qualified person with a
5  disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and
6  California Government Code § 12926(1).

7       9.     Defendant 4975 VALLEY WEST, LLC dba TERRACE INN AND SUITES, is
8  and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the
9  subject business located at 10869 San Pablo Ave, El Cerrito, California, known as the Terrace Inn
10 and Suites.

11      10.     The Terrace Inn and Suites is a place of "public accommodation" and a "business
12 establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C.
13 section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code
14 sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

15      11.     **FACTUAL STATEMENT:**  Plaintiff Paul Spector has been working with his
16 service dog Koko for almost two years.  Koko is a Belgium Shephard who was both
17 professionally trained and individually trained to be a service dog.  Plaintiff has also trained and
18 continues to train Koko to serve his specific needs throughout their relationship.  Koko is
19 specifically trained to assist Plaintiff with mobility to reduce the chances he will fall, including
20 stabilizing him if his knee gives out, assisting him up hills and stairs, and assisting him in bending
21 down to retrieve objects at floor level.

22      12.     Koko is a working dog; he is not a pet.  Plaintiff Spector and Koko have trained
23 extensively together, and they supplement that training daily.  Plaintiff takes Koko everywhere
24 with him in public.  It is important they stay together as much as possible because (a) Koko
25 provides important services for Plaintiff; and (b) it is part of the training and bonding requirement
26 that they be together constantly to maintain their bond.  With few exceptions, where Plaintiff
27 Spector goes, Koko goes.

28      13.     On December 28, 2023, Plaintiff and his partner were in need of lodging near their

1  home in the East Bay.  During the holiday season, their apartment complex can get very loud and
2  crowded due to large holiday gatherings hosted by other tenants in their apartment complex.
3  Plaintiff and his partner often stay in hotels around the Bay Area from just before Christmas until
4  after the New Year so that they can have peace and quiet, and because the parking lot is so full
5  that Plaintiff is unable to find a parking space close to his apartment entrance.  Plaintiff needs a
6  parking space close to his apartment because he is unable to walk long distance due to his
7  disability.

8        14.     Plaintiff, his partner, and his service dog Koko drove to the Terrace Inn and Suites
9  because it was near to their home, convenient, and many of the online reviews described the hotel
10 as a quiet place.  When they arrived, Plaintiff Spector went to the lobby of the Terrace Inn and
11 Suites to inquire about availability and rates.

12       15.     Plaintiff spoke to one of Defendant's employees at the reception desk, and he
13 confirmed that Terrace Inn and Suites did have availability and quoted Plaintiff a price of $100
14 per night.  Plaintiff then asked Defendant's employee if his service dog would be allowed.
15 Defendant's employee told Plaintiff that Defendant would only allow his service dog to stay if he
16 could show "paperwork" for his service dog.  Defendant's employee explained that Defendant
17 requires such "paperwork" so that patrons do not fraudulently claim that their dog is a service dog
18 when it is not. Defendant did not ask if Plaintiff's dog was a trained service dog.  Defendant did
19 not ask what tasks Plaintiff's dog was trained to do for Plaintiff's disability.  When Plaintiff could
20 not produce any paperwork, Defendant did not offer a room to him.

21       16.     Plaintiff left the property to try to find alternative housing for the evening.  It was
22 clear that he would not be able to stay at Terrace Inn and Suites with Koko because he did not
23 have the credentials that the hotel required for them to stay there.

24       17.     Defendant does not have a proper service dog policy at the Terrace Inn and Suites.
25 Defendant's policy of illegally requiring service dog owners to produce "unidentified
26 "paperwork" for their service dogs is clearly meant to discourage and deter disabled people who
27 require the assistance of a service dog from staying at its hotel.

28       18.     Plaintiff wishes to return to the Terrace Inn and Suites when he has the need for

hotel accommodation near his home, but only *after* Defendant has implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the hotel until these policies and training are in place.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 18, above, and incorporates them herein by reference as if separately repled hereafter.

20. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

21. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

22. Plaintiff Spector is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

23. Terrace Inn and Suites is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(A).

24. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are

6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

25. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

26. Defendant has a policy and practice of requiring guests with service animals to provide registration cards or other paperwork identifying their dogs as service animals at the Terrace Inn and Suites. This is contrary to the ADA.

27. On information and belief, as of the date of Plaintiff's most recent visits to the Terrace Inn and Suites on or about December 28 2023, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of Plaintiff's disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

28. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of

discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

29. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility are one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging." 42 USC § 12181(7)(A).

30. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily

1 achievable."

2 The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights
3 under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

4     31.    The removal of each of the policy barriers complained of by Plaintiff as
5 hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards
6 of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one
7 of the policy barriers complained of herein were already required under California law. In the
8 event that removal of any barrier is found to be "not readily achievable," Defendant still violated
9 the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges,
10 advantages and accommodations through alternative methods that were "readily achievable."

11     32.    On information and belief, as of the dates of Plaintiff's encounters at the premises
12 and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have
13 denied and continue to deny full and equal access to Plaintiff and to other disabled persons who
14 work with service dogs, which violates Plaintiff's right to full and equal access and which
15 discriminates against Plaintiff Spector on the basis of his disabilities, thus wrongfully denying to
16 Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and
17 accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

18     33.    Defendant's actions continue to deny Plaintiff's rights to full and equal access by
19 deterring Plaintiff from patronizing the Terrace Inn and Suites and discriminated and continue to
20 discriminate against Plaintiff Spector on the basis of his disabilities, thus wrongfully denying to
21 Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges,
22 advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

23     34.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*,
24 Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights
25 Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff Spector is being subjected to discrimination on the
26 basis of his disabilities in violation of sections 12182 and 12183. On information and belief,
27 Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled
28 persons to "full and equal" access to this public accommodation since on or before Plaintiff's

encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

35. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff Spector is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Terrace Inn and Suites, in light of Defendant's policies barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

36. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them herein as if separately re-pleaded.

37. At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

38. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

39. Each of Defendant's discriminatory acts or omissions constitutes a separate and

1  distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

40. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

41. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and compensatory to Plaintiff, according to proof.

42. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

43. Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 43 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

45. Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

46. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

47. Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

48. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

49. Defendant is also in violation of California Penal Code section 365.5(b) which

12
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

50.     The Terrace Inn and Suites is a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

51.     Defendant made the decision to knowingly and willfully exclude Plaintiff, his service dog, and his companion from its public accommodation by requiring unnecessary and unidentified paperwork for the service dog and thereby deny Plaintiff Spector's his right of entrance into their place of business with his service dog.  As a result of that decision Plaintiff has faced the continuing discrimination of being essentially barred from entering this public accommodation and place of business based upon Defendant's illegal requirement for paperwork for Plaintiff Spector's legally protected use of his service dog.  Plaintiff has continued to suffer denial of access to these facilities, and he faces the prospect of unpleasant and discriminatory treatment should he attempt to return to these facilities.  Plaintiff is unable to return to the Terrace Inn and Suites until he receives the protection of this Court's injunctive relief, and he has continued to suffer discrimination on a daily basis since December 28, 2023, all to his statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

52.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled and who require the assistance of service animals from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that Plaintiff is a person with

disabilities who requires the assistance of a service animal.

53. Plaintiff wishes to return to patronize the Terrace Inn and Suites but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Terrace Inn and Suites and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

54. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to Defendant's inaccessible policies.   As to the Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

55. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

56. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has

suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the Terrace Inn and Suites and will continue to cause him damages each day these barriers to access and policy barriers continue to be present.

57. Although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights and safety.

58. **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

59. Plaintiff suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on their deterrence from returning to the Terrace Inn and Suites.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

# **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Paul Spector prays for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog will not be excluded and he will not be required to show any paperwork or registration cards should he desire to enter and use the services of the Terrace Inn and Suites;

   c. That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and

1   agents in how to recognize disabled persons and accommodate their rights and
2   needs;
3     d. An order retaining jurisdiction of this case until Defendant has fully complied with
4   the orders of this Court, and there is a reasonable assurance that Defendant will
5   continue to comply in the future absent continuing jurisdiction;
6    2. An award to Plaintiff of statutory, actual, general, and punitive damages in
7   amounts within the jurisdiction of the Court, all according to proof;
8    3. An award of civil penalty as against Defendant under California Penal Code §
9   365.5(c);
10   4. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California
11  Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise
12  permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;
13   5. An award of prejudgment interest pursuant to Civil Code § 3291;
14   6. Interest on monetary awards as permitted by law; and
15   7. Grant such other and further relief as this Court may deem just and proper.

Date: January 31, 2024        REIN & CLEFTON

                */s/ Aaron M. Clefton*
                By AARON M. CLEFTON, Esq.
                Attorneys for Plaintiff
                PAUL SPECTOR

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 31, 2024        REIN & CLEFTON

                */s/ Aaron M. Clefton*
                By AARON M. CLEFTON, Esq.
                Attorneys for Plaintiff
                PAUL SPECTOR